# 2003 DTA 117

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN, PANEL IV

PAN PEPIN, INC.
Recurrente

v.

PANIFICADORA PEPIN, INC.
Recurrida

Núm. KLRA-2003-00074

San Juan, Puerto Rico, a 16 de julio de 2003

Panel integrado por su Presidente, el Juez Gierbolini,
y los Jueces Cordero y Rodríguez Muñiz

Rodríguez Muñiz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Pan Pepín, Inc. (en adelante, la recurrente), presentó recurso de revisión el 10 de febrero de 2003. Nos solicita que revisemos la resolución emitida por el Departamento de Estado (en adelante, el Departamento), el 14 de noviembre de 2002, archivada en autos copia de su notificación ese mismo día.

A continuación exponemos brevemente el trasfondo fáctico y procesal del caso.

### I

La recurrente y Panificadora Pepín, Inc. (en adelante, la recurrida), son corporaciones distintas que se dedican a la confección y venta de productos de panadería tales como, pero sin limitarse a, panes, galletas y productos de repostería. En su origen, ambas pertenecían al mismo dueño; sin embargo, actualmente pertenecen a dueños distintos y se especializan en diferentes mercados. Es decir, la recurrente confecciona, vende y distribuye a través de toda la Isla de Puerto Rico panes de "*hot dogs*", "*hamburgers*" y pan "*club*", mientras que la recurrida limita su operación a la confección y venta -en solamente dos locales, uno en la Avenida Piñero y otro en Guaynabo- de pan de agua, pan "*sobao*" y mallorcas. Desde sus comienzos, ambos negocios estuvieron utilizando la marca "*Pepín*" y el dibujo de un "*Panaderito*" en sus envolturas. En el caso de la recurrente, ésta

utiliza el dibujo del *"Panaderito"* solamente del torso hacia arriba. La recurrida, por su parte, lo utiliza de cuerpo entero.

En septiembre de 1997, la recurrida presentó ante el Departamento una solicitud para registrar las marcas números 41,468 (Panificadora Pepín), 41,469 (Panadería Pepín) y 41,470 (logo Pepín y su diseño).

El 5 de enero de 1999, la recurrente se opuso al registro de las marcas Panificadora Pepín y Panadería Pepín. Sin embargo, no se opuso al registro del logo Pepín y su diseño.

El 12 de junio de 2001, el Lcdo. Rafael Meléndez Ramos, Oficial Examinador del Departamento, emitió *Relación del Caso, Determinaciones de Hechos, Conclusiones de Derecho y una Recomendación*. Determinó, en síntesis, que debido a que ambas corporaciones habían estado utilizando durante toda su vida el nombre comercial y la marca de fábrica *"Pepín"* indistintamente, sin que esto representara un problema con anterioridad, las mismas habían entrado en un contrato implícito para compartir la marca en cuestión. Recomendó el reconocimiento a la recurrente del derecho marcario *"Pan Pepín"* y del diseño en la clase Internacional 46, Registro Núm. 30,639, y la denegatoria del registro de las marcas de fábrica objeto del caso. Además, recomendó que ambas corporaciones pudieran seguir utilizando la marca de fábrica *"Pepín"*. **Apéndice** del recurso de revisión, páginas 16-28.

El 26 de junio de 2001, el Departamento emitió **Resolución**, fundamentada en las recomendaciones emitidas por el oficial examinador, el 12 de junio de 2001. Declaró no ha lugar la solicitud de registro de marca de *"Panificadora Pepín"* y *"Panadería Pepín"* presentada por la recurrida, pero le reconoció el uso de la marca *"Pepín"* a ambas partes. *Id.*, a las páginas 29-30.

La recurrida presentó, el 17 de julio de 2001, *Moción de Reconsideración en Torno a Determinaciones de Hechos Incluidas en Relación del Caso, Determinaciones de Hechos y Recomendación Acogida en Resolución.* ■ En ésta, solicitó la reconsideración y enmienda de las determinaciones de hechos producidas por el oficial examinador en su informe de 12 de junio de 2001, en lo referente al logo comercial del Panaderito. Señaló que no existía controversia en cuanto al mismo y que éste fue registrado el 30 de septiembre de 1997. Añadió, que el mismo fue presentado bajo el número de registro 41,470, junto a las dos marcas que se objetaron y estaban ante la consideración del oficial examinador, sin que se hubiera presentado oposición a su registro. *Id.*, a las páginas 31-36.

El 7 de agosto de 2001, la recurrente presentó una *Solicitud de Cancelación de Marca Registrada* ante el Departamento. Solicitó la cancelación del registro de la marca 41,470 -el logo del panaderito- por, entre otras cosas, no cumplir con el Artículo 5 de la Ley de Marcas de Puerto Rico. Afirmó que el logo utilizado por la recurrida es sustancialmente igual al utilizado por ellos, lo que producía confusión entre los consumidores. *Id.*, a las páginas 39-42.

El 31 de agosto de 2001, la recurrida presentó oposición a la solicitud de la recurrente. Señaló que fue ella, y no la recurrente, quien contrató los servicios de un caricaturista para que dibujara el logo en cuestión, el cual no era más que el retrato/caricatura del fundador de la recurrida. Alegó ser la compañía principal y que la recurrente es quien ha querido invadir el mercado con productos similares a los suyos, pero de calidad inferior. Adujo, también, que la recurrente adquirió la titularidad de la marca mediante dolo y fraude al haber registrado las marcas sin notificarle a éstos, quienes eran accionistas minoritarios, y sin requerir su aprobación. *Id.*, a las páginas 43-47.

El 12 de septiembre de 2002, la recurrente presentó *Réplica a Oposición*. Adujo que lo resuelto por el oficial examinador en cuanto a las marcas constituia cosa juzgada. Añadió que el factor de que ambas compañías pudieran utilizar la marca en cuestión en el curso de sus negocios, no significaba que la recurrida

pudiera llevar a cabo actos de titularidad sobre éstas, toda vez que las mismas le pertenecen a la recurrente. *Id.*, a las páginas 48-49.

El 12 de abril de 2002, se celebró vista sobre el estado de los procedimientos. A ésta, comparecieron las partes debidamente representadas por abogado. Surge de la minuta, que luego de haber discutido el estado procesal del caso, las partes sometieron el caso por el expediente, ya que no había controversia real sobre los hechos materiales del mismo. *Id.,* a la página 50.

El 29 de mayo de 2002, notificada el 30 del mismo mes y año, el Departamento emitió *Determinaciones de Hechos, Conclusiones de Derecho y Recomendación.* Basándose en la resolución emitida el 12 de junio de 2002, el Departamento concluyó que de haberse presentado la oposición al registro 41,470, en conjunto con la oposición al registro de las marcas 41,468 y 41,469, se hubiera aplicado el mismo análisis que se aplicó a los mencionados registros. Esto es, que a pesar de que se denegó el registro de las mismas, se le concedió el derecho a ambas corporaciones a utilizar el nombre *"Pepín"* y las marcas tal y como lo habían hecho hasta ese momento. Señaló que el logo y diseño del *"panaderito"* en cada una de las marcas es inseparable de la marca que identifica. En consecuencia, el Lcdo. Luis E. Gervitz Carbonell, Oficial Examinador del Departamento, recomendó declarar no ha lugar la solicitud de cancelación de marca registrada y que se le reconociera a la recurrida su derecho marcario sobre el registro 41,470 de logo y diseño. Recomendó, además, que ambas corporaciones pudieran continuar utilizando el logo y diseño del panaderito. *Id.*, a las páginas 1-7.

El 3 de julio de 2002, la recurrente presentó *Solicitud de Reconsideración.* [2] En síntesis, atacó la determinación en cuanto a la titularidad del logo, la cual reclamó para sí, y reconoció el derecho al uso compartido del mismo. *Id.,* a las páginas 8-13.

El 18 de julio de 2002, se declaró no ha lugar la solicitud de reconsideración presentada por la recurrente. *Id.,* a las páginas 14-28.

El 14 de noviembre de 2002, el Departamento emitió la resolución de la cual se recurre. Declaró no ha lugar la solicitud de cancelación de marca registrada, apoyándose en las recomendaciones emitidas, el 29 de mayo de 2002, por el oficial examinador. *Id.,* a las páginas 56-58.

El 27 de noviembre de 2002, la recurrente presentó solicitud de reconsideración. ██ *Id.,* a las páginas 59-62. La misma, fue declarada no ha lugar mediante orden emitida el 6 de diciembre de 2002. *Id.,* a las páginas 76-77.

Inconforme, la recurrente acude ante nos y señala la comisión de los siguientes errores:

*"ERRO EL DEPARTAMENTO DE ESTADO AL RECONOCER DERECHO MARCARIO A PANIFICADORA SOBRE LA MARCA CUANDO PREVIAMENTE LO HABIA RECONOCIDO A PAN PEPIN EN UN PLEITO ANTERIOR ENTRE LAS MISMAS PARTES, A BASE DE LA MISMA PRUEBA.*

*ERRO EL DEPARTAMENTO DE ESTADO AL PENALIZAR A PAN PEPÍN POR SUPUESTAMENTE NO HABERSE OPUESTO OPORTUNAMENTE AL REGISTRO #41,470.*

*EL DEPARTAMENTO DE ESTADO HA SIDO INCONSISTENTE AL NO APLICAR LOS MISMOS CRITERIOS JURIDICOS QUE CONSIDERO EN EL PRIMER CASO PARA DETERMINAR QUE LA MARCA PERTENECE A PAN PEPIN".*

**II**

La Ley de Marcas del Estado Libre Asociado de Puerto Rico Fábrica, Ley Núm. 63 de 14 de agosto de

1991, 10 L.P.R.A. sec. 171 *et seq.*, establece, en sus artículos 8 y 19, los procedimientos que habrán de seguirse en caso de oposición a una solicitud de registro de marca y en caso de cancelación de una marca debidamente inscrita en el Departamento de Estado, respectivamente. Estos artículos prescriben lo siguiente:

*"§171f.– Oposición; notificación; suficiencia.*

*Cualquier persona que se considere perjudicada por el registro de una marca puede oponerse a dicho registro presentando al Secretario un escrito de oposición exponiendo los fundamentos que tenga para ello, dentro de los treinta (30) días siguientes a la fecha de la publicación de la marca que se intenta registrar.*

*En los casos en que se presente una oposición, el Secretario lo notificará al solicitante con copia del escrito de oposición. El Secretario puede rechazar una solicitud de registro de una marca a la que se le haya hecho objeción a base de la suficiencia de los fundamentos de la oposición.*

*Si no se presentase escrito de oposición durante dicho período de treinta (30) días, el Secretario procederá a expedir un certificado de registro de la marca, como más adelante se provee.*

*§171q.-Cancelación de la marca*

*(1) Cualquier persona que se considere perjudicada por el registro de una marca bajo las secs. 171 et seq. de este título puede solicitar la cancelación de dicho registro presentando al Secretario un escrito de cancelación exponiendo los fundamentos que tenga para ello, dentro de los cinco (5) años siguientes a la fecha del registro. El Secretario dará aviso al titular registral de la marca. Una vez presentada la solicitud, el Secretario decidirá si el titular registral no tenía derecho al uso de la misma a la fecha en que se registró, en cuyo caso procederá a cancelar la misma; disponiéndose, que pasados cinco (5) años del registro de una marca, solamente procederá la cancelación bajo los siguientes fundamentos:*

*(a) La marca ha sido abandonada;*

*(b) el registro fue obtenido en contravención a los requisitos de las secs. 171 et seq. de este título;*

*(c) la marca se ha convertido en el nombre genérico del producto o servicio para los cuales se usa;*

*(d) la marca se usa por o con permiso del titular registral en forma tal que causa confusión o induce error en cuanto a la naturaleza, la calidad, las características o procedencia geográfica de los productos o servicios para los cuales se usa.*

*(2) La acción para cancelar un registro obtenido mediante dolo y otras acciones procedentes de dolo no prescriben."*

El Tribunal Supremo de Puerto Rico, en contadas ocasiones, se ha expresado sobre el tema de marcas de fábrica. En el caso *Posadas de Puerto Rico Associates, Inc. v. Sands Hotel & Casino*, 131 D.P.R. 21, 35-36 (1992), estableció que:

*"Una persona o corporación tiene un derecho propietario sobre una 'marca de fábrica o servicio' cuando dicha marca es usada en conexión con su producto o servicio para indicar su origen y distinguirlo de otros. (Citas omitidas). El derecho propietario de una marca es obtenido por su uso y no por su inscripción. (Citas omitidas). Este derecho propietario, el cual permite el uso exclusivo de una marca, pertence (sic) al que primero utilice la marca dentro de la jurisdicción que ofrece la protección jurídica. (Nota y cita omitidas). Sin embargo, este derecho es uno limitado. El primer usuario de una marca no puede excluir el uso posterior de*

*dicha marca por parte de otros usuarios en áreas donde actualmente no hace negocios o donde no es probable lo realice en un futuro. (Citas omitidas). Tampoco puede reclamar este derecho si ha dejado de utilizar, o ha abandonado la marca. (Citas omitidas) Por último, el dueño de una marca no puede. impedir que otros utilicen una marca similar si esta última no crea una probabilidad de confusión al consumidor.*

*Existe una violación o infracción al derecho propietario sobre una marca de fábrica, cuando la marca utilizada posteriormente por un competidor u otro comerciante crea una probabilidad de confusión al consumidor con respecto de la marca protegida. Id., a la página 43. Sin embargo, como regla general, las marcas de fábricas sólo reciben protección jurídica dentro de determinado mercado y jurisdicción. En lo concerniente a las marcas, la extensión territorial del derecho es coextensiva a la extensión territorial de su uso." Colgate-Palmolive v. Mistolín,* 117 D.P.R. 313, 325 (1986).

No existe una norma precisa para poder determinar la existencia de probabilidad de confusión entre dos productos o servicios. Se trata de un concepto relativo que se determina según las circunstancias de cada caso en particular, basándose la determinación que sobre ello se haga en un balance de los factores o criterios desarrollados jurisprudencialmente. Entre los criterios señalados se encuentran: 1) la similaridad entre las marcas, 2) la similaridad entre los productos, 3) la fuerza de la marca o su distintivo, 4) la intención del segundo usuario al adoptar las marcas, y 5) evidencia de confusión actual o real. *Posadas de Puerto Rico Associates, Inc. v. Sands Hotel & Casino, supra,* a la página 45.

El criterio o "*test*" a seguir para determinar que existe confusión entre dos marcas es el siguiente: "*Cuando un comprador prudente y razonable puede comprar un producto bajo la creencia de que está comprando otro producto. Id.,* a la página 43.

### III

El caso que nos ocupa gira en torno a la titularidad del logo y diseño "*Pepín*". En el mismo, tanto la recurrente como la recurrida reclamaban para sí la titularidad de las marcas "Pepín". Según surge del expediente, la recurrida presentó conjuntamente ante el Departamento tres solicitudes de registro de marcas, éstas son: marca 41,468-"*Panificadora Pepín*", marca 41,469-"*Panadería Pepín*" y marca 41,470-logo y diseño "*Pepín*". La recurrente se opuso oportunamente a la inscripción de las marcas "*Panificadora Pepín*" y "*Panadería Pepín*", mas no lo hizo en cuanto al logo y diseño. Ante la ausencia de opositores, el Departamento registró a nombre de la recurrida el logo y diseño "*Pepín*". Sin embargo, declaró no ha lugar la solicitud de registro en cuanto a las otras dos marcas. Posteriormente, la recurrente presentó una solicitud de cancelación de marca registrada mediante la cual solicitó la cancelación del registro del logo y el diseño a nombre de la recurrida. El Departamento resolvió no ha lugar la solicitud de cancelación sin perjuicio de que ambas partes pudieran utilizar el logo, tal como resolviera previamente en cuanto al uso de las otras dos marcas.

De esta determinación, la recurrente acudió ante este Tribunal. Señaló, como primer error, que incidió el Departamento al haberle reconocido a la recurrida el derecho marcario sobre el logo "*Pepín*" cuando éste le había sido reconocido a ella en un pleito anterior entre las mismas partes y sobre la base de la misma prueba. No le asiste la razón, veamos.

En el escrito de revisión judicial, la recurrente planteó, como parte de la discusión de este error, que el punto cardinal a resolver por este Tribunal gira en torno a la titularidad y no al uso de la marca. Señaló, además, que el oficial examinador del caso que nos ocupa se equivocó al entender que el permitirle a ambas compañías utilizar las marcas, se traducía en que ambas eran dueñas de las mismas.

Lo cierto es que el Departamento le reconoció a la recurrente, en la resolución emitida el 26 de junio de 2001, el derecho marcario en lo referente a las marcas que estaban en controversia ante su consideración, esto es: la marca Pepín; pero nada pudo resolver en cuanto a la titularidad del logo y diseño, puesto que la misma no

estaba ante su consideración. Es decir, nada tiene que ver lo resuelto por el Departamento en el primer caso llevado ante su consideración, cuyo dictamen es hoy final y firme, con lo resuelto en el caso que nos ocupa. Lo resuelto por el Departamento respecto al logo y diseño, no interfiere con la decisión anterior referente a la marca *"Pepín"* por tratarse de procedimientos distintos. Aunque se trata de las mismas partes y la misma evidencia, ciertamente el objeto del pleito es diferente.

Como segundo señalamiento de error, la recurrente planteó que el Departamento incidió al penalizarla por no haberse opuesto oportunamente al registro. Al discutirlo, señaló, que el haberse opuesto al registro de las otras dos marcas, constituia, a su vez, una oposición al registro de la que nos ocupa. Este planteamiento es, a todas luces, inmeritorio. La recurrente debió haberse opuesto al registro del logo y diseño tal y como lo hizo en cuanto a las otras dos marcas.

Por otro lado, la recurrente entremezcló el término disponible para oponerse a una solicitud de registro con el disponible para solicitar la cancelación de una marca ya registrada. Según la Ley de Marcas de Puerto Rico, cuando se presenta para registro una marca ante el Departamento, cualquier persona que se considere perjudicada por la inscripción de la misma puede, dentro del término de treinta (30) días desde su publicación, oponerse a su inscripción mediante escrito a esos efectos. Si este escrito no se presenta dentro del término dispuesto, el Departamento, entonces, procederá a expedir el certificado de registro correspondiente. Así, una vez inscrita una marca, si una persona o corporación entiende que la misma le perjudica, deberá proceder de acuerdo con el procedimiento dispuesto en la mencionada ley para la cancelación de marca dentro del término de cinco (5) años allí dispuesto. Como vemos, se trata de dos procedimientos diferentes. El primero aplica a la etapa previa al registro y el segundo aplica a la etapa posterior al mismo.

En este caso, el Departamento, por medio de su resolución, expresó lo siguiente: ■ *"...tenemos que reconocer el derecho marcario a Panificadora Pepín, Inc. del registro 41,470, toda vez que Pan Pepín, Inc. no se opuso en tiempo y no existe fundamento legal para su cancelación que no sea lo dispuesto en el Artículo 5 de la Ley de Marcas".*

Como vemos, la decisión fue basada en el Artículo 5 ■ de la referida ley y no en la falta de oposición de la recurrente. Siendo así, no erró el Departamento al determinar que la recurrente no se opuso en tiempo a la solicitud de registro. Ciertamente no lo hizo, por lo que, ante esa inacción, el único remedio que tenía disponible era solicitar la cancelación de la marca que había sido registrada conforme a derecho. Así lo hizo y el Departamento, luego de examinar el caso, determinó que bajo la ley de Marcas no procedía la cancelación de la misma.

Hemos estudiado detenidamente tanto el expediente del caso como la ley y jurisprudencia aplicable al mismo, y concurrimos con tal determinación. No obstante, nos parece pertinente hacer una distinción entre el mencionado Artículo 5 y el Artículo 19 de la citada ley.

El Artículo 5 de la referida ley dispone, entre otras cosas, que no será registrable una marca que sea idéntica o similar a otra que esté inscrita o presentada en el Departamento para su inscripción, que se use en productos con las mismas propiedades o que se asemeje tanto que exista la probabilidad de crear confusión en el consumidor. En este caso, es evidente que el Departamento evaluó a la luz de este artículo, previo a su inscripción, el logo y diseño cuya titularidad está en controversia y, evidentemente, determinó que el mismo no encajaba dentro de las prohibiciones establecidas por este articulado. Destacamos el inciso que expone la prohibición en cuanto a la probabilidad de confusión del consumidor por ser éste el discutido por la recurrente en sus escritos.

Por otro lado, el Artículo 19 dispone que solamente procederá la cancelación de una marca registrada en caso de que: (i) la misma haya sido abandonada, ■ (ii) el registro haya sido obtenido en contravención con lo

dispuesto en la Ley de Marcas, (iii) la marca se haya convertido en el nombre genérico del producto, o (iv) ésta sea utilizada de manera que cause confusión o induzca a error en cuanto a la naturaleza, calidad, características o procedencia de los productos. Como vemos, el diseño y logo del panaderito no encaja en ninguna de estas instancias y por tanto no procede la cancelación del registro a nombre de la recurrida. ■

En el caso que nos ocupa, la recurrida cuenta con tan sólo dos establecimientos localizados en el área metropolitana, mientras que la recurrente opera su negocio a nivel de todo Puerto Rico. El riesgo de competencia desleal, de aprovechamiento de marca, o de confusión del consumidor, es ínfimo en este caso. Aquel que acude a los establecimientos de la recurrida lo hace a sabiendas que está acudiendo a un establecimiento tipo panadería y adquiere productos diferentes a los que produce y distribuye la recurrente. Es decir, si por años la recurrida no le ha ocasionado tal daño a la recurrente, no debemos pensar que se lo ocasionará en un futuro. Es decir, la marca era registrable en principio y, una vez registrada, su cancelación era improcedente en derecho.

Finalmente, la recurrente señaló como tercer error que el Departamento actuó inconsistentemente al no aplicar los mismos criterios jurídicos que consideró en el caso de las otras dos marcas. Tampoco le asiste la razón.

Hay que tener presente al discutir este error, el planteamiento expuesto por el Departamento en cuanto a su decisión en esa etapa de los procedimientos. El Departamento señaló en la resolución emitida que *"De haberse presentado la oposición al registro 41,470, se hubiese aplicado el mismo análisis que se hizo con los registros 41,468 y 41,468 (sic)"*. ■ Sin embargo, entendemos que no surge del expediente, a diferencia de los otros dos registros, prueba que tienda a demostrar que la recurrente poseía inscrito en el Departamento el logo y diseño tal como lo presentó y registró la recurrente.

## IV

Por los fundamentos antes expuestos, se modifica la resolución emitida por el Departamento, a los efectos de limitar el uso del logo por parte de la recurrida a su área de actividad comercial y así modificada, se confirma.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 2003 DTA 117

**1.** El 17 de agosto de 2001, ésta se declaró no ha lugar. **Apéndice** de solicitud de revisión, páginas 37-38.

**2.** A ésta se opuso la recurrida, mediante la presentación, el 22 de julio de 2002, de *Oposición a Solicitud de Reconsideración. Id.,* a las páginas 51-55. Nótese que se presentó posterior a que la solicitud de reconsideración fuera resuelta. *Id.,* a las páginas 14-28.

**3.** La recurrida presentó, el 3 de enero de 2003, *Oposición de Panificadora Pepín, Inc. a Solicitud de Reconsideración de Pan Pepín, Inc.* Nótese que se presentó posterior a que la solicitud de reconsideración fuera resuelta. *Id.,* a las páginas 63-75.

**4.** Nótese que el Departamento acogió como suyas las Determinaciones de Hechos, Conclusiones de Derecho y Recomendación emitidas por el oficial examinador, el 29 de mayo de 2002. Por lo tanto, las expresiones surgen de tal documento.

**5.** Marcas no registrables. 10 L.P.R.A. sec. 171c.

**6.** Se entiende que una marca ha sido abandonada cuando su uso ha sido descontinuado con la intención de no reanudar dicho uso. La falta de uso por cinco (5) años consecutivos será evidencia rebatible de abandono. 10 L.P.R.A. sec 171.

**7.** De hecho, el logo registrado a nombre de la recurrida no es exactamente igual al que utiliza la recurrente.

**8.** Debe decir: 41,469.